**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **DAVID YARDE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 25-11119-FDS** |
| **MASSACHUSETTS DEPARTMENT OF CORRECTION,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION FOR COURT ASSISTANCE WITH SERVICE OF PROCESS**

**SAYLOR, J.**

Plaintiff David Yarde, proceeding *pro se*, is suing the Massachusetts Department of Correction for alleged violation of his civil rights. The Court ordered that plaintiff complete service through the United States Marshals Service ("USMS") by April 21, 2026. Plaintiff contends that he attempted to complete service, but that his mail was erroneously directed to the Clerk's office rather than to the USMS.

The Court finds that plaintiff has shown cause as to why why he needs additional time to complete service. Accordingly, the Court will order that plaintiff send to the USMS a copy of the summons, the complaint, the amended complaint, and this order within 21 days of issuance of this order. The Court will also direct the Clerk to mail a copy of this order to the plaintiff.

## I. Background

Plaintiff David Yarde, proceeding *pro se*, is suing the Massachusetts Department of Correction for alleged violation of his civil rights. After filing an amended complaint, plaintiff moved for service by the United States Marshals Service ("USMS") under Fed. R. Civ. P.

4(c)(3). On January 21, 2026, this Court issued an order granting plaintiff's motion for service. It required plaintiff to complete USM-285 forms and furnish the USMS with copies of a summons, the complaint, the amended complaint, and that order to serve on the defendant. The USMS was required to execute service as directed by plaintiff.

Service was to be completed within 90 days of issuance of that order, that is, by April 21, 2026. The order warned that non-compliance by plaintiff might result in dismissal of the case without prior notice. It also directed that "[i]f plaintiff needs additional time to complete service, he shall file a motion for an extension of time to complete service in which he 'shows good cause' for such relief," citing Fed. R. Civ. P. 4(m).

Following the order, plaintiff contends that he completed and mailed the required paperwork but that the Clerk's Office informed him that documents he sent were never received. Plaintiff has filed a Motion for Court Assistance with Service of Process. In that motion, plaintiff contended that he "completed the paperwork and mailed it; however, the documents were inadvertently mailed to the Clerk's Office rather than directly to the Marshals Service." Plaintiff expressed "concern[] that his outgoing legal mail may have not been properly processed" and emphasized that he "relies entirely on institutional mail systems controlled by the Department of Correction." He requested that this Court direct the Clerk's Office to prepare and transmit the necessary service documents directly to the USMS to "prevent prejudice" and "[e]nsure that service is completed in time to meet the service deadline already set by the court."

## II. <u>Analysis</u>

Rule 4(m) instructs that "if the plaintiff shows good cause for the failure [to effectuate timely service], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4. Good cause may include, but is not limited to, circumstances where, through no fault

of the plaintiff, the USMS has not effectuated service prior to 90-day deadline. *See Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008). Additionally, a plaintiff's *pro se* status, diligence in trying to effect service, or an "understandable mitigating circumstance" are all factors which independently make good cause "likely" to be found. *McIsaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (quoting Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 1137, at 342 (2002)).

Here, plaintiff has established cause for his failure to effectuate timely service. Plaintiff contends that, through no fault of his own, his mail was erroneously directed to the Clerk's Office instead of USMS. Plaintiff also alleges that he was diligent in attempting to avoid any defect. He called the Clerk's Office to monitor service status forty days before the Court's deadline, and shortly thereafter filed a motion to effectuate proper service, specifically noting the urgency of the matter given the Court's deadline. Furthermore, his *pro se* and incarceration status weigh in favor of finding cause. There is nothing in the current record to suggest that the defendant would be prejudiced by an extension of time to complete service.

Accordingly, this Court finds that failed to effectuate timely service for good cause. *See Goldstein v. Faulkner Hosp.*, 2013 WL 2149682, at *2 (D. Mass. May 14, 2013) (finding good cause where *pro se* plaintiff attempted to comply with Rule 4).

## III. Conclusion

For the foregoing reasons, the Court orders that plaintiff send a copy of the summons, the complaint, the amended complaint, and this order to the USMS within 21 days of issuance of this order. The Court also directs the Clerk to mail a copy of this order to the plaintiff.

**So Ordered.**

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV
Dated: October 5, 2026 United States District Judge