**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DAVID YARDE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MASSACHUSETTS DEPARTMENT OF CORRECTION,**<br><br>**Defendant.** | **Civil Action No. 25-11119-FDS** |

**MEMORANDUM & ORDER ON**
**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE**

**SAYLOR, J.**

Plaintiff David Yarde, proceeding *pro se*, is suing the Massachusetts Department of Correction for alleged violation of his civil rights. On October 6, 2026, finding that plaintiff had good cause for his delay of service, this Court ordered plaintiff to effectuate service by October 27, 2026. Plaintiff now contends that he received that order only on October 17, that he misplaced original copies of his complaint and amended complaint, and that he does not have copies of summons and service forms. He therefore requests additional time to complete service, that he receive copies of the complaint, amended complaint, and service and summons forms, and for his mailing address to be changed.

The Court finds that plaintiff has shown cause as to why he needs additional time to complete service. Accordingly, the Court will direct the Clerk to mail a copy of this order, the summons, the complaint, and the amended complaint to the plaintiff at his new mailing address. The Court will also order that plaintiff send to the USMS a copy of the summons, the complaint, the amended complaint, and this order within 28 days of issuance of this order.

## I. Background

Plaintiff filed suit against the Massachusetts Department of Correction for alleged violation of his civil rights on April 25, 2025. He filed an amended complaint on May 1, 2025. He moved for service by the United States Marshals Service ("USMS") under Fed. R. Civ. P. 4(c)(3). The Court granted that motion. Service was to be completed within 90 days of issuance of that order, that is, by April 21, 2026.

Plaintiff did not effectuate service by that date. He alleges that he "completed the paperwork and mailed it; however, the documents were inadvertently mailed to the Clerk's Office rather than directly to the Marshals Service." This Court found that plaintiff had "good cause" for his delay. Accordingly, on October 6, 2026, this Court extended the deadline and ordered that plaintiff send a copy of the summons, the complaint, the amended complaint, and the order to the USMS within 21 days, that is, by October 27.

On October 18, plaintiff requested that the service deadline be further extended. He contends that he received the Court's order only on October 17, and that he misplaced his original copies of his complaint and amended complaint "due to his incarceration." He also contends he does not have copies of forms to complete service of the summons. Plaintiff also requested that his mailing address be changed.

The October 27 deadline has passed without plaintiff effectuating service.

## II. Analysis

Rule 4(m) instructs that "if the plaintiff shows good cause for the failure [to effectuate timely service], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4. A plaintiff's *pro se* status, diligence in trying to effect service, or an "understandable mitigating circumstance" are all factors which independently make good cause "likely" to be

found. *McIsaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (quoting Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 1137, at 342 (2002)).

Here, plaintiff has established cause for his failure to effectuate timely service. Plaintiff contends that his inability to comply was, in part, caused by his mail arriving late, through no fault of his own. He moved to extend the deadline shortly after receiving the order and before the deadline passed. His *pro se* status and incarceration weigh in favor of finding good cause. Furthermore, there is nothing to suggest that defendants would be prejudiced by an extension of time to complete service.

Accordingly, this Court finds that plaintiff had cause in failing to effectuate timely service. *See Goldstein v. Faulkner Hosp.*, 2013 WL 2149682, at *2 (D. Mass. May 14, 2013) (finding good cause where *pro se* plaintiff attempted to comply with Rule 4).

## III. Conclusion

For the foregoing reasons, the Court:

1. directs the Clerk to take notice that plaintiff's mailing address is now Old Colony Correction Center, 1 Administration Road, Bridgewater, Massachusetts 02324;
2. directs the Clerk to mail a copy of this order, the summons, the complaint, and the amended complaint to plaintiff at his new mailing address; and
3. orders plaintiff to send a copy of this order, the summons, the complaint, and the amended complaint to the USMS within 28 days of issuance of this order.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: October 29, 2026